**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
(State)

Case number (If known): _____  Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  RGN-Clayton I, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  N/A

4. **Debtor's address**

   **Principal place of business**

   3000  Kellway Drive
   Number  Street

   Suite 140

   Carrollton    TX   75006
   City          State ZIP Code

   Dallas
   County

   **Mailing address, if different from principal place of business**

   _____
   Number   Street

   _____
   P.O. Box

   _____
   City   State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   7733  Forsyth Boulevard
   Number  Street

   Suite 1100

   Clayton    MO   63105
   City       State ZIP Code

5. **Debtor's website (URL)**  https://www.regus.com/en-us

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 1

Debtor  **RGN-Clayton I, LLC**
Name

Case number (*if known*)_____

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>5 3 1 1 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check **all** that apply*:<br>   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>   ☐ A plan is being filed with this petition.<br>   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

Debtor    RGN-Clayton I, LLC
_____
Name

Case number *(if known)*_____

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____  When _____  Case number _____
                                      MM / DD / YYYY
          District _____  When _____  Case number _____
                                      MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.  Debtor  See Rider 1. _____  Relationship  Affiliates _____
          District  Delaware _____  When  See Rider 1. _____
                                                          MM / DD / YYYY
          Case number, if known  _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                Number     Street
_____
_____
City                                              State ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
       Contact name  _____
       Phone  _____

---

**Statistical and administrative information**

---

Debtor  RGN-Clayton I, LLC
      Name

Case number (*if known*)_____

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☒ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☒ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/10/2020
            MM / DD / YYYY

✗ _/s/_, Responsible Officer      James S. Feltman
Signature of authorized representative of debtor      Printed name

Title  Responsible Officer

---

Debtor   RGN-Clayton I, LLC
         Name                                                          Case number (if known)_____

**18. Signature of attorney**   ✘  /s/ Ian J. Bambrick                 Date   09/10/2020
                                   Signature of attorney for debtor            MM  / DD  / YYYY

Ian J. Bambrick
Printed name
Faegre Drinker Biddle & Reath LLP
Firm name
222           Delaware Avenue, Suite 1410
Number       Street
Wilmington                                    Delaware      19801
City                                          State         ZIP Code

(302) 467-4200                                Ian.Bambrick@faegredrinker.com
Contact phone                                 Email address

5455                                          Delaware
Bar number                                    State

# **RIDER 1**

On the following dates, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

**7/30/2020**

- RGN-Columbus IV, LLC (Case No. 20-11894)*

**8/2/2020**

- RGN-Chapel Hill II, LLC (Case No. 20-11910)*

**8/3/2020**

- RGN-Chicago XVI, LLC (Case No. 20-11916)*

**8/8/2020**

- RGN-Fort Lauderdale III, LLC (Case No. 20-11931)*

**8/17/2020**

- RGN-Group Holdings, LLC (Case No. 20-11961)*
- RGN-National Business Centers, LLC (Case No. 20-11962)*
- H Work, LLC (Case No. 20-11963)*

**8/27/2020**

- RGN-Lehi I, LLC (Case No. 20-12009)**
- RGN-Lehi II, LLC (Case No. 20-12010)**

**8/29/2020**

- RGN-Atlanta XXXV, LLC (Case No. 20-12018)**

**8/30/2020**

- RGN-Arlington VI, LLC (Case No. 20-12023)**

**9/2/2020**

- RGN-Chevy Chase I, LLC (Case No. 20-12060)**
- RGN-Philadelphia IX, LLC (Case No. 20-12061)**

**9/3/2020**

- RGN-Denver XVI, LLC (Case No. 20-12074)**
- RGN-Los Angeles XXV, LLC (Case No. 20-12075)**
- RGN-New York XXXIX, LLC (Case No. 20-1276)**
- RGN-San Jose IX, LLC (Case No. 20-12077)**

**9/8/2020**

- RGN-Culver City I, LLC (Case No. 20-12086)**
- RGN-Denver XI, LLC (Case No. 20-12087)**

**9/9/2020**

- RGN-Austin VI, LLC (Case No. 20-12102)**
- RGN-Beachwood I, LLC (Case No. 20-12103)**
- RGN-Boston XIX, LLC (Case No. 20-12104)**
- RGN-Houston XXV, LLC (Case No. 20-12105)**
- RGN-San Antonio XIV, LLC (Case No. 20-12106)**
- RGN-Huntsville II, LLC (Case No. 20-12107)**
- RGN-New York XLIII, LLC (Case No. 20-12108)**
- RGN-New York XLI, LLC (Case No. 20-12109)**

**9/10/2020**

- Corporate Offices of California, LLC**
- RGN-Alpharetta II, LLC**
- RGN-Baton Rouge I, LLC**
- RGN-Beaverton II, LLC**
- RGN-Boston I, LLC**
- RGN-Boulder II, LLC**
- RGN-Chicago XXVI, LLC**
- RGN-Clayton I, LLC**
- RGN-Dallas XIX, LLC**

## RIDER 1 (cont.)

**9/10/2020 (cont.)**
- RGN-Downers Grove I, LLC**
- RGN-Englewood III, LLC**
- RGN-Fort Worth IV, LLC**
- RGN-Fort Worth VI, LLC**
- RGN-Frisco II, LLC**
- RGN-Greenwood Village II, LLC**
- RGN-Jenkintown I, LLC**
- RGN-Jupiter II, LLC**
- RGN-Katy I, LLC**
- RGN-Lakewood I, LLC**
- RGN-Las Vegas VII, LLC**
- RGN-Las Vegas X, LLC**
- RGN-Los Angeles I, LLC**
- RGN-Metairie II, LLC**
- RGN-Metro Dallas VI, LLC**
- RGN-Miami I, LLC**
- RGN-Oak Park I, LLC**
- RGN-Oklahoma City I, LLC**
- RGN-Pasadena I, LLC**
- RGN-Pasadena II, LLC**
- RGN-Phoenix III, LLC**
- RGN-Phoenix XII, LLC**
- RGN-Phoenix XIII, LLC**
- RGN-Sacramento IV, LLC**
- RGN-San Diego XII, LLC**
- RGN-San Diego XV, LLC**
- RGN-San Francisco XIII, LLC**
- RGN-Santa Fe I, LLC**
- RGN-Scottsdale V, LLC**
- RGN-Scottsdale VI, LLC**
- RGN-Southfield I, LLC**
- RGN-St. Louis II, LLC**
- RGN-Sugarland I, LLC**
- RGN-Tampa III, LLC**
- RGN-Tampa V, LLC**
- RGN-Tulsa III, LLC**
- RGN-Tucson I, LLC**
- RGN-Uniondale I, LLC**
- RGN-Washington DC XIV, LLC**

\* These Debtors are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure under the case captioned *In re RGN-Group Holdings, LLC*, *et al.*, Case No. 20-11961 (BLS) (Bankr. D. Del. 2020). [*See* D.I. 6.]

\*\* These Debtors will move for joint administration of their cases for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure under the case captioned *In re RGN-Group Holdings, LLC*, *et al.*, Case No. 20-11961 (BLS) (Bankr. D. Del. 2020).

# WRITTEN CONSENT OF THE SOLE MEMBER
## of
## RGN-CLAYTON I, LLC

Regus Corporation, being the sole member (the "Member") of RGN-Clayton I, LLC, a Delaware limited liability company (the "Company"), hereby takes the following actions and adopts the following resolutions by written consent in lieu of a meeting pursuant to section 2.5 of the Limited Liability Company Agreement, and pursuant to Section 18-302 of the Delaware Limited Liability Company Act:

### Creation of Responsible Officers

**WHEREAS,** in the judgment of the Member, it is desirable and in the best interests of the Company to create two officer of the Company positions, appoint individuals to such officer positions, and to delegate to such officers certain of the Member's rights, powers, and duties to manage and control the business and affairs of the Company. Such officers to be hereafter designated as the "Responsible Officer" and the "Assistant Responsible Officer;" and

**WHEREAS**, such delegation to the Responsible Officer and the Assistant Responsible Officer is permissible under Section 18-302 of the Delaware Limited Liability Company Act.

### Bankruptcy Resolutions

**WHEREAS**, the Company, with the assistance of its financial and legal advisors, has been conducting a review to consider and evaluate various strategic and financial alternatives, including but not limited to, the sale or divestiture of all or substantially all of the Company's assets, a filing of petitions by the Company and certain of its affiliates to be effectuated under the provisions of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), other restructuring transactions or transactions otherwise designed to address the Company's liquidity constraints that may be available to the Company and its affiliates (each such strategic alternative, a "Transaction"); and

**WHEREAS**, the Member has reviewed and has had the opportunity to ask questions and receive answers about and to discuss the materials presented by senior management of the Company or its Member and the Company's legal, financial and other advisors regarding the liabilities and liquidity of the Company, the various potential Transactions and the impact of the foregoing on the Company, its creditors, shareholders and other interested parties and its business; and

**WHEREAS**, in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, shareholders and other interested parties, for the Company to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that the filing of the petition for relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under chapter 11 of the Bankruptcy Code, and the seeking of further relief by the Company under the

Bankruptcy Code (such acts, effectuating the "Chapter 11 Case"), be and each hereby is, authorized and approved for all purposes and in all respects; and it is

**FURTHER RESOLVED**, that, effective as of the date of execution of this written consent, the position of Responsible Officer is created for the Company and James S. Feltman shall be and hereby is appointed as the Company's Responsible Officer, the Responsible Officer serving as the sole officer of the Company reporting to the Member on all aspects of the Chapter 11 Case, and with the direction or authorization of the Member to, among other actions that would be customary for one serving in the capacity of Responsible Officer. In particular, and as set forth in more detail in the letter agreement dated on or around the date of execution of this written consent between Duff & Phelps, LLC and the Company, the Responsible Officer is authorized to (a) evaluate and pursue any Transactions, (b) manage the process that will result in a filing in the Bankruptcy Court, (c) conduct and oversee bankruptcy preparation and filing activities; including execution of any relevant documents, including reviewing the petition and any necessary first day affidavit, (d) attend and appear on behalf of the Company at bankruptcy hearings and 341 meetings of creditors and related ancillary bankruptcy matters, including, but not limited to, foreign proceedings, (e) develop, along with restructuring professionals, a restructuring strategy and drive the process of exiting the company from bankruptcy on a timely basis, (f) manage litigation impacting the Company, (g) coordinate activities and assist in communication with outside constituents and advisors, including banks and their advisors, (h) assist the Company and its management in developing a short-term cash flow forecasting tool and related methodologies and to assist with planning for alternatives as requested, and (i) assist with such other matters as may be needed or requested that fall within Mr. Feltman's expertise and that are mutually agreeable (collectively, the "Responsible Officer's Duties"). Mr. Feltman shall serve as Responsible Officer until the sooner of his death, resignation, or termination by the Member; and it is

**FURTHER RESOLVED**, that, effective as of the date of execution of this written consent, the position of Assistant Responsible Officer is created for the Company and Ryan Beckwith shall be and hereby is appointed as the Company's Assistant Responsible Officer, the Assistant Responsible Officer shall assist the Responsible Officer and shall perform such duties as may be assigned to him or her by the Responsible Officer or by the Member; and it is

**FURTHER RESOLVED,** that the Responsible Officer is hereby authorized and empowered to do and perform all such acts, and to execute and deliver any and all agreements, contracts, documents, instruments, or certificates on behalf of the Company, relating to the Responsible Officer's Duties and such agreements, contracts, documents, instruments or certificates shall be binding on the Company in accordance with the terms thereof; and it is

**FURTHER RESOLVED**, that the Responsible Officer, and any other person designated and so authorized to act by the Member or Responsible Officer (each such designee being an "Authorized Person"), be, and each hereby is, authorized and empowered to execute and verify petitions and amendments thereto under chapter 11 of the Bankruptcy Code in the name and on behalf of the Company, in such forms as the Authorized Person executing the same shall approve, his, her or their execution to be conclusive evidence of the approval thereof by such Authorized Person and the Member, and to file or cause the same to be filed in the Bankruptcy Court at such time as such Authorized Person executing the same shall determine; and it is

2

**FURTHER RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered to execute, verify and file or cause to be filed on behalf of and in the name of the Company any and all petitions, schedules, motions, lists, applications, pleadings and other papers, in such forms as the Authorized Person executing the same shall approve, his, her or their execution to be conclusive evidence of the approval thereof by such Authorized Person and the Member, and to take all such other actions deemed by such Authorized Person to be necessary, appropriate or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case; and it is

**FURTHER RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company, to engage and continue to retain the law firm of Faegre Drinker Biddle & Reath LLP as restructuring and general bankruptcy counsel to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case, and in connection therewith, the Authorized Persons are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed appropriate applications for authority to retain the services of Faegre Drinker Biddle & Reath LLP; and it is

**FURTHER RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company, to retain, financial advisors, and any other individual and/or firm as professionals or consultants to the Company as are necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, including (a) AlixPartners, as financial advisors to the Company, (b) Duff & Phelps, LLC, as restructuring advisors to the Company, and (c) such additional professionals, including attorneys, accountants, financial advisors, consultants, or brokers as may be necessary or desirable in connection with the Chapter 11 Case and in connection therewith, including but not limited to a claims and noticing agent and administrative advisor, each Authorized Person is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of such individuals and/or firms.

**General**

**NOW, THEREFORE, BE IT RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company to perform any and all acts as may be necessary or desirable to carry out the purposes of these resolutions and to complete the transactions contemplated in the agreements and instruments referred to in the foregoing resolutions, and to execute, file, and deliver all instruments and other documents as any such officer may deem necessary or desirable to carry out the purposes and intent of the agreements and instruments referred to in the foregoing resolutions; and the execution by any such officer of any such act in connection with the foregoing matters shall conclusively establish such officer's authority therefor from the Company and the approval, ratification, and adoption by the Company of the documents so executed and the actions so taken; and it is

3

**FURTHER RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered to take any and all actions necessary or appropriate for the Company to negotiate a refinancing, recapitalization, restructuring or other reorganization of the Company and, subject to further approval of the Member, to enter into all other documents, agreements or instruments to effectuate the foregoing; and it is

**FURTHER RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company to perform any and all acts as may be necessary or desirable to undertake, execute, file, implement, and/or deliver the Chapter 11 Case and all other instruments and documents contemplated by the foregoing resolutions and to take any and all further action that such Authorized Person may deem necessary or desirable to effectuate any action authorized by these resolutions, and otherwise to carry out the purposes and intent of the foregoing resolutions, and the execution by any such officer of any such documents or the performance by any such Authorized Person of any such act in connection with the foregoing matters shall conclusively establish his or her authority therefore from the Company and the approval and ratification by the Company of the documents so executed and the actions so taken; and it is

**FURTHER RESOLVED**, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company to take any and all action necessary, including the execution of any amendments, documents, instruments or waivers or to obtain any waivers or amendments of any agreements of the Company required by or under the Chapter 11 Case or any of the transactions contemplated thereby, and any such action shall be binding on the Company without further authorization; and it is

**FURTHER RESOLVED**, that all authority conferred by these resolutions shall be deemed retroactive and any and all acts authorized under these resolutions performed prior to the adoption of this resolution are hereby ratified, affirmed and approved; and that, without limitation of the foregoing, all actions heretofore taken for or on behalf of the Company by any Authorized Person in connection with the transactions contemplated by the preceding resolutions be, and hereby are, ratified, adopted and confirmed in all respects.

*[Signature page follows.]*

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the Company, has executed this written consent as of the 10th day of September, 2020. Effectiveness requires execution by only one signatory listed below.

**SOLE MEMBER OF**
**RGN-CLAYTON I, LLC**

By:_____
Name: Michael J. Osburn
Title:   Vice President, Secretary and Treasurer

By:_____
Name: Wayne Berger
Title:   President and Chief Executive Officer—
            Americas

By:_____ *Joshua Nicosia* (DocuSigned, E3744F2FF3524D5...)
Name: Joshua Nicosia
Title:   Assistant Secretary

5

**Fill in this information to identify the case:**

Debtor name  RGN-Clayton I, LLC

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1

Debtor    <u>RGN-Clayton I, LLC</u>                              Case number (*if known*)_____
          *Name*

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RGN-Clayton I, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-_____ (___) |

**COMBINED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY SECURITIES HOLDERS PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1 AND CERTIFICATION OF NO TAX RETURN**

1. Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor (the "Debtor") certifies that the following corporate entity (i) directly or indirectly owns 10% or more of the Debtor and (ii) directly or indirectly holds 100% of the Equity Interests of the Debtor:

| Name and Address | Ownership & Interest |
|---|---|
| Regus Corporation<br>15950 Dallas Parkway, Suite 400<br>Dallas, TX 75248 | 100% Direct Ownership<br>100% of Equity Interest |

---

[1] The above-captioned Debtor is a disregarded entity for tax purposes and therefore does not have a Federal Employer Identification Number. The mailing address for the Debtor and its affiliate Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006. A complete list of the Debtors in these chapter 11 cases can be found on Rider 1 of the Debtor's Voluntary Petition.

ACTIVE.124865323.01

**Fill in this information to identify the case and this filing:**

Debtor Name __RGN-Clayton I, LLC_____

United States Bankruptcy Court for the: _____ District of __Delaware____
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration___Combined Corporate Ownership Statement and List of Equity Securities Holders___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __09/10/2020__
MM / DD / YYYY

✗ __/s/ James S. Feltman_____
Signature of individual signing on behalf of debtor

__James S. Feltman_____
Printed name

__Responsible Officer_____
Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**